**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Jan L. Wooten,
Plaintiff

vs

Case No. 1:04-cv-152-SAS-TSH
(Spiegel, J.; Hogan, M. J.)

United States of America
Defendant

---

**REPORT AND RECOMMENDATION**

---

On February 24 and 28, 2005, this matter came before the Court for an evidentiary hearing on the Government's motion to dismiss for lack of jurisdiction, (Doc. 10) and *pro se* plaintiff's memorandum in opposition. (Doc. 11).

**Background**

The parties' motion papers set forth the following facts. Pro se plaintiff Jan Wooten brought this action under the Federal Tort Claims Act seeking monetary damages for personal injuries sustained when she fell at the entrance to the Post Office in Milford, Ohio, on December 5, 2000. Plaintiff alleged that she reported the fall at the time it occurred and subsequently received medical treatment at an area hospital. Plaintiff received a letter dated December 11, 2000, from Pamela Roller, then Tort Claims Coordinator for the Cincinnati, Ohio District, which included a copy of Standard Form (SF) 95 and instructions on how to complete the form to file an

administrative claim for personal damages resulting from plaintiff's accident. Paragraph 12 of the letter clearly states, "[a] valid claim must be received at the appropriate federal agency within two year (sic) of the date of the accident." (Doc. 11, Plaintiff's Ex. 1, attached). Plaintiff asserted that she mailed a completed copy of SF 95 on December 2, 2002. Plaintiff argued that the Post Office should have received her form, which she mailed in the self addressed, metered envelope provided to her by the Postal Service, before the December 5, 2002 deadline. Plaintiff suggests that Robert Sanders, the Tort Claims Coordinator who processed her claim, may have intentionally delayed acknowledging receipt of her SF 95 in an effort to deny her claim.

The Government has moved to dismiss plaintiff's case arguing that she failed to file an administrative claim within the statute of limitations period and therefore her action is barred. In support of its motion, defendant relied on the declaration of Robert Sanders, the current Tort Claims Coordinator for the Cincinnati, Ohio District, which was made pursuant to 28 U.S.C. § 1746. Sanders declared that according to USPS procedure, any tort claim filed within the district must be forwarded to his attention. "Thus even if a claimant files their claim with a local post office, USPS procedure dictates that the claim be forwarded to [his] attention." (Declaration of Robert Sanders, ¶ 4). Sanders stated that he had no knowledge or record of an injury claim by plaintiff until he received a phone call from her on December 6, 2002. Sanders states that following the phone conversation, he received a facsimile transmission of a completed SF 95 from plaintiff which he stamped received as of that date. Sanders further stated that on December 9, 2004, he received in the mail a copy of the plaintiff's completed SF 95 which he likewise stamped received as of

December 9th. (Id., ¶¶ 5-7).

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

**Facts**

Upon review of the parties' motion papers and the relevant case law, this Court issued an order on January 20, 2005, directing that the parties participate in an evidentiary hearing to more fully develop the record with respect to when and how plaintiff's claim form was "received" by the Postal Service. (Doc. 17). The relevant testimony and evidence presented at that hearing are summarized as follows.

Pamela Ann Roller, the former Tort Claims Coordinator, testified that the Tort Claims Coordinator receives a daily log from the Safety Department which lists the incidents, such as slip and fall accidents on Postal Service property, and automobile accidents involving USPS vehicles, which would likely give rise to a FTCA claim. The Tort Claims Coordinator then initiates an investigation and requests that the Branch Manager or Postmaster of the Post Office involved file a report concerning the incident. Either an entry on the Safety Department daily log or a report from a postal branch results in the creation of a claim file regarding that incident. The Tort Claims Coordinator then sends a standard letter to the potential claimant with an SF 95 formenclosed and a pre-metered, self-addressed envelope in which to return the completed form. In some cases the Tort Claims Coordinator may receive a telephone call or other communication directly from a potential claimant, when there is no report from the postal branch or entry on the Safety Department's daily log. In such cases, the Tort Claims Coordinator sends the potential claimant a standard letter and SF 95 with return envelope, but does not create a file for the claimant until a completed SF 95 form is returned. The Tort Claims Coordinator does not normally maintain notes or other documentation from such self-reported communications with a potential claimant. Ms. Roller testified that she has no independent recollection of talking with the plaintiff. She also testified that the standard letter generated and sent to plaintiff with an SF 95 form enclosed and the apparent lack of documentation regarding plaintiff's claim prior to receipt by Mr. Sanders of the faxed SF 95 form is consistent with having received a telephone report of an incident from a potential claimant.

Ms. Roller further testified on cross-examination that the Tort Claims

Coordinator's job duties include opening and date-stamping all mail received by the Tort Claims Coordinator on a daily basis. The mail directed to the Tort Claims Coordinator is assigned to a P.O. Box within the Dalton Street, Cincinnati, Ohio Post Office and is collected by either the Tort Claims Coordinator or the Delivery Program Department Clerk on a daily basis, Mondays through Saturdays. Ms. Roller testified that if the Tort Claims Coordinator were on vacation or otherwise not in the office on a given day, someone else from the Delivery Program Department would be assigned to open and date stamp the correspondence. Finally, Ms. Roller testified that while the Tort Claims Coordinator has authority to settle claims for $5000.00 or less, he or she may not deny a claim, nor settle a claim for more than $5000.00. All such claims are automatically forwarded to the USPS Legal Department in Saint Louis.

Janet Jackson, Delivery Programs Department Clerk, testified that among her job duties, she is responsible for retrieving mail from the P.O. Box assigned to the Tort Claims Coordinator on a daily basis, and distributing it to the Tort Claims Coordinator. She testified that she generally retrieves the mail three times a day from the P.O. Box which is also assigned to receive Postal Service test letters. Test letters are sent from the Delivery Programs Department to different postal branches to verify the timely pick up and delivery of mail from drop boxes with the Greater Cincinnati, Dayton, and Toledo, Ohio areas. Ms. Jackson further testified that she does not recall there being any pick up or delivery problems of special note from the Milford, Ohio, postal branch. Finally, she testified that generally mail deposited at a box at the Milford, Ohio, postal branch would be delivered to the Dalton Street office within one day.

Robert Sanders, the current Tort Claims Coordinator, and the person who received plaintiff's SF 95 form, testified that the first contact he had with plaintiff was a telephone call late in the afternoon of December 6, 2002. He recalls searching the computer system for a file related to plaintiff's claim and the alleged accident in Milford, but being unable to locate a computer file for plaintiff Wooten. Mr. Sanders testified that he agreed to remain at his office beyond 5:00 p.m. to receive a facsimile transmission from plaintiff, and to telephone her upon receipt to confirm the same. As noted in defendant's moving papers, Mr. Sanders did in fact received a faxed copy of plaintiff's completed SF 95 form on December 6, 2002, and stamped it received as of that date. Mr. Sanders testified that as far as he knew when he received plaintiff's SF 95 form, her claim was timely filed. However, he was not authorized to settle the claim because plaintiff's demand was $100,000.00, nor did he have authority to deny the claim. He testified that in accordance with normal procedures, he forwarded plaintiff's claim to the Legal Department for review.

He testified that in accordance with his job duties as previously described by Ms. Roller, he processed mail received at the P.O. Box for the Tort Claims Coordinator three times a day on average. Mr. Sanders further testified that upon review of his personal records, he can confirm that he worked the week of December 2 through 6, 2002, and was not absent on any of those dates. He testified that he did not receive the original of plaintiff's completed SF 95 form until Monday, December 9, 2002. He testified that when plaintiff's form arrived at the Dalton Street P.O. Box, it was opened and date stamped received December 9, 2002, in the normal course of business. Mr. Sanders also testified that in accordance with the governing statute and regulations, an SF 95 which is presented to any government agency connected with

the Postal Service will be processed as timely filed if it is received within the limitations period. As an example, he testified that the Postal Service has considered as timely presented claim forms which were received by the Department of Justice, rather than the Tort Claims Coordinator, within the statutory period. He conceded that had plaintiff presented her completed claim form to the Postmistress at the Milford, Ohio, branch on or before December 5, 2002, it would have been deemed timely filed.

Pro se plaintiff Wooten testified that she was injured in a slip and fall accident at the Milford, Ohio post office in the morning hours of December 5, 2000. She did not report the accident directly to anyone at the post office, However, after her accident, a postal employee named Rhonda Marcum told plaintiff that the Postmistress was at the copying machine at the time of the accident. Plaintiff apparently assumed that given the proximity of the copying machine to the site of her accident, the Postmistress was aware of her fall. Plaintiff further testified that following the accident, she was treated at the University Hospital Emergency Room and subsequently sought orthopedic treatment from Dr. Robert Heidt. Her medical bills to date total approximately $6000.00, and she has medical insurance.

Plaintiff testified that a few days after the incident, she called a toll free telephone number for the Postal Service to report the accident and subsequently received a cover letter dated December 11, 2000, an SF 95 form, and a self-addressed, metered envelope in which to return the completed form. Plaintiff testified that on December 2, 2002, she mailed the completed SF 95 form using the return envelope provided. Plaintiff told the Court that she is certain the form was mailed on that date

because she noted it in her planner and in personal notes. However, at the hearing she had neither the original planner or notes nor copies thereof the furnish to the Court.

**Applicable Law**

The Federal Tort Claims Act waives immunity for tort actions against the United States, it agencies and or its officers acting within their official capacities. 28 U.S.C. § 2671 et. seq. The Act specifically requires that a tort action for money damages based on loss of personal property or personal injury may not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2678(a). Furthermore, the statute of limitations governing the Federal Tort Claims Act specifically provides that:

> A tort claim against the Unites States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The Postal Service has, in turn, set forth regulations which define and modify the term "presented" as used in the Act. The Regulations state in pertinent part:

> Administrative claim; when presented.
> For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Postal Service

establishments.

39 C.F.R. § 912.5(a). The Regulations further provide that:

> A claim is usually filed with the postmaster of the office within the delivery limits of where the accident happened, but my be filed at any office of the Postal Service, or sent directly to the Assistant General Counsel Claims Division, U.S. Postal Service, Washington, D.C. 20260.

39 C.F.R. § 912.4.

It is undisputed that if plaintiff's written claim was not received on or before December 5, 2002, her claim is barred by the applicable statute of limitations and should therefore be dismissed. Moreover, to the extent the pro se plaintiff argues that an otherwise tardy claim should be preserved under either an estoppel theory or the doctrine of equitable tolling, as the Court noted in its January 20, 2005 Order, such arguments are decidedly without merit. *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982)(pre curiam)(6th Circuit has long recognized that timely filing of FTCA administrative claim is a jurisdictional prerequisite for which there are no equitable exceptions).

Based on the testimony summarized above, and the written record before this Court, the undersigned finds the following facts to be undisputed. In early December 2000, Plaintiff contacted the Postal Service by telephone to report an alleged slip and fall accident at the Milford, Ohio, branch office. According to plaintiff's own testimony, the alleged incident occurred on December 5, 2000. Plaintiff spoke with Pamela Roller, former Tort Claims Coordinator, who generated a standard form cover letter and SF 95 form which she mailed to plaintiff on or about December 11, 2000. Plaintiff completed the SF 95 and mailed it to the Postal Service using the self-

addressed return envelope provided by defendant. On December 6, 2002, plaintiff telephoned the defendant late in the afternoon and spoke with Robert Sanders, Tort Claims Coordinator, who reported that he could not find a computer file concerning plaintiff's claim in the system. Mr. Sanders agreed to await a facsimile transmittal from plaintiff and to telephone her to acknowledge receipt of the fax. Upon receiving a faxed copy of a completed SF 95 form from plaintiff on December 6, 2002, Mr. Sanders date stamped the fax received as of that date. Mr. Sanders received a completed copy of plaintiff's SF 95 form in the mail and date stamped it received as of December 9, 2002.

While plaintiff has testified that she mailed her claim form in an envelope provided to her by the defendant Postal Service on December 2, 2002, she failed to present the notes and or personal planner on which she relied to verify this date in her testimony. The testimony that Mr. Sanders was at work from December 2 through 6, 2002, and that he timely opened and date stamped all mail directed to the Tort Claims Coordinator during that week has not been rebutted. Nor was there any testimony to support the conclusion that mail is not delivered from the Milford, Ohio post office to the Dalton Street station in a timely manner.

Moreover, the Court notes that plaintiff's administrative claim was not denied initially by the Postal Service for failure to timely file her claim. Rather, defendant denied liability based on its investigation of the alleged incident. At the time of this denial, the defendant had December 7, 2000, as the date of the accident based on plaintiff's completed SF 95 form which reported the incident as December 6 or 7, 2000. Assuming the incident had occurred on December 7, 2000 as defendant

initially believed, the SF 95 form faxed to Mr. Sanders on December 6, 2002 would have been timely. Plaintiff's own admissions, however, including her complaint, the memorandum in opposition to the present motion, and her hearing testimony, confirm that the incident occurred on December 5, 2000. (See Docs. 1 & 11 and attachments).

Plaintiff bears the burden of demonstrating that this Court has jurisdiction, *see Moir*, 895 F.2d at 269, and in this case, such jurisdiction hinges on the timeliness of her administrative filing. In the absence of any evidence to support plaintiff's testimony that she mailed the form on December 2, 2002, the Court concludes that the first time the Postal Service received a completed SF 95 form from plaintiff was on December 6, 2002, when plaintiff faxed a copy of the form to Mr. Sanders. As a consequence of this conclusion, the Court finds that defendant's motion to dismiss should be granted.

It bears noting, however, that the defendant's standard cover letter to potential FTCA claimants fails to set forth the manner in which a claim may be presented to the Postal Service. Ironically, had plaintiff handed the SF 95 form to a clerk or the Postmistress at the Milford, Ohio branch on December 5, 2002, rather than mailing it in the self-addressed, metered envelope that was included by the Tort Claims Coordinator for plaintiff's convenience, the claim would have been deemed timely received. The Court suggests that notwithstanding the return envelope which is included for the convenience of potential claimants, the Postal Service would be well-advised to indicate in the cover letter the ways in which a claim may be presented, in accordance with the language of the regulations. *See* 39 C.F.R. §§ 912.4 & 912.5(a). See also Willis v. United States, 972 F. 2d 350 (unpubl.), 1992 WL 180181 at ** 3-11

(Boggs, J. dissenting).

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss be granted and this case be terminated on the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

J:\LWW\04-152 Wooten mtd R&R.wpd

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

Jan L. Wooten,
Plaintiff

vs

Case No. 1:04-cv-152-SAS-TSH
(Spiegel, J.; Hogan, M. J.)

United States of America
Defendant

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3-4-05 Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

7002 0860 0000 1410 1398

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

3/4/05

*Sent To* Jan L. Wooten

*Street, Apt. No.; or PO Box No.* 1409 Queens Rd. P.O. Box 32

*City, State, ZIP+4* Milford, OH 45150

PS Form 3800, April 2002 — See Reverse for Instructions

1:04cv152 doc.#25