```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JAN L. WOOTEN, :
: NO. 1:04-CV-00152
    Plaintiff, :
: **OPINION & ORDER**
:
  v. :
:
:
UNITED STATES OF AMERICA, :
:
    Defendant. :

       This matter is before the Court on the Report and Recommendation of the assigned Magistrate Judge (doc. 25), the Plaintiff's Motion to Review Report and Recommendation (doc. 26), the Federal Defendant's Response to Plaintiff's Motion to Review Report and Recommendation (doc. 32), and Plaintiff's Response to Federal Defendant's Response to Plaintiff's Motion to Review Report and Recommendation (doc. 34).

**RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

       On February 24 and 28, 2005, this matter came before the Court for an evidentiary hearing on the Government's Motion to Dismiss for Lack of Jurisdiction (doc. 10) and pro se Plaintiff's Memorandum in Opposition (doc. 11). On March 4, 2005, the assigned Magistrate Judge issued his Report and Recommendation in which it was recommended that the Government's Motion (doc. 10) be granted and that this case be terminated on the docket of the Court (doc. 25). Pro se Plaintiff filed her Objections to said Report and

Recommendation on March 17, 2005 (doc. 26) to which the Government Responded on May 23, 2005 (doc. 32).  Plaintiff on June 7, 2005 Replied to the Government's Objections (doc. 34).

Pro se Plaintiff Jan Wooten (hereinafter "Wooten") brought this action under the Federal Tort Claims Act seeking monetary damages for personal injuries sustained when she fell at the entrance to the Post Office in Milford, Ohio, on December 5, 2000 (doc. 25).  Wooten alleges that she reported her accident at the time of its occurrence and subsequently received medical treatment at an area hospital (Id.).  On December 11, 2000, Plaintiff received in the mail from Pamela Roller (hereinafter "Roller), then Tort Claims Coordinator for the Cincinnati, Ohio District, a copy of Standard Form SF 95 (hereinafter "SF 95") and instructions on how to complete the form to file an administrative claim for personal damages resulting from Wooten's accident (Id.).  Accompanying the copy of SF 95 sent to Wooten was a letter (Id.).  Paragraph 12 of the letter stated, "[a] valid claim must be received at the appropriate federal agency within two year (sic) of the date of the accident" (Id.).

Wooten maintains that she mailed a completed copy of SF 95 on December 2, 2002, prior to the December 5, 2002 deadline (Id.).  Wooten has argued that Robert Sanders (hereinafter "Sanders"), the Tort Claims Coordinator who processed her claim, may have intentionally delayed acknowledgment of her SF 95 in an

effort to deny the claim (Id.). Subsequently, the Government moved to dismiss Wooten's claim maintaining that Wooten failed to file an administrative claim within the statute of limitations period (Id.). Supporting its Motion to Dismiss, was the declaration of Sanders which was made pursuant to 28 U.S.C. § 1746 (Id.). Sanders declared that according to United States Postal Service ("USPS) procedure, any tort claim filed within the district must be forwarded to his attention (Id.). Sanders stated, "[t]hus even if a claimant files their claim with a local post office, USPS procedure dictates that the claim be forwarded to [my] attention" (Id.).

Sanders maintains that he had no knowledge or record of Wooten's injury until he received a phone call from her on December 6, 2002 (Id.). After this phone call, Sanders received a completed SF 95 via fax from Wooten, which he stamped received as of December 6, 2002 (Id.). On December 9, 2002, Sanders declares, that he received in the mail a copy of Wooten's completed SF 95 which he also stamped received as of December 9, 2002 (Id.).

**The Report and Recommendation & the Court's Analysis**

The Magistrate Judge aptly notes that under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a defendant can attack the complaint's jurisdictional allegations even though they are formally sufficient (Id. citing Baker v. Siemens Energy and Automation, Inc., 838 F.Supp. 1227, 1229 (S.D.

Ohio 1993)). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint (Id. citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). The Magistrate Judge reports that when considering a Rule 12(b)(1) motion to dismiss, a court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction (Id citing Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986)).

Furthermore, reports the Magistrate Judge, a court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case (Id. citing Ritchie at 598). However, the Court must also consider factual issues in a manner that is fair to the nonmoving party (Id. citing Rogers at 915)). A plaintiff must demonstrate jurisdiction in order to survive a Rule 12(b)(1) motion to dismiss (Id. citing Moir v. Greater Cleveland Reg. Transit Auth., 895 F.2d 266, 269 (6th Cir. 1999)). Citing Rule 12(h)(3) of the Federal Rules, the Magistrate Judge notes, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" (Id. citing Fed. R. Civ. P. 12(h)(3)).

On January 20, 2005 this Court issued an order

directing the Parties to participate in an evidentiary hearing to more fully develop the record with respect to when and how Wooten's claim SF 95 was received by the USPS (doc. 17).  The Magistrate Judge summarizes the relevant testimony and evidence from the hearing as follows:

- Roller testified that the Tort Claims Coordinator receives a daily log from the Safety Department which list the incidents, such as slip and fall accidents on USPS property, and automobile accidents involving USPS vehicles, which might give rise to a Federal Tort Claims Act claim (doc. 25).

- The Tort Claims Coordinator then initiates an investigation and requests that the branch manager or postmaster/postmistress of the post office involved file a report concerning the incident (Id.).

- Either an entry on the Safety Department daily log or a report from a postal branch results in the creation of a claim file regarding the incident (Id.).

- The Tort Claims Coordinator then sends a standard letter to the potential claimant with an SF 95 form enclosed and a pre-metered, self-addressed envelope in which to return the completed form (Id.).

- Occasionally, the Tort Claims Coordinator may receive a telephone call or other communication directly from a potential claimant, when there is no report from the postal branch or entry on the Safety Department's daily log (Id.).

- In these instances, the Tort Claims Coordinator sends the potential claimant a standard letter and SF 95 with a return envelope, but does not create a file for the claimant until a completed SF 95 form is returned (Id.).

- The Tort Claims Coordinator does not normally maintain notes or other documentation from such self-reported communications with a potential claimant (Id.).

- Roller also testified that the standard letter generated and sent to Wooten with an SF 95 enclosed and the apparent lack of documentation regarding Wooten's claim prior to receipt by Sanders of the faxed SF 95 form is consistent with having received a telephone report of an incident from a potential claimant (Id.).

- Roller further testified on cross-examination that the Tort Claims Coordinator's job duties include opening and date-stamping all mail received by the Tort Claims Coordinator on a daily basis (Id.).

- The mail directed to the Tort Claims Coordinator is assigned to a P.O. Box within the Dalton Street, Cincinnati, Ohio Post Office and is collected by either the Tort Claims Coordinator or the Delivery Program Department Clerk on a daily basis, Mondays through Saturdays (Id.).

- Roller also testified that if the Tort Claims Coordinator were on vacation or otherwise not in the office on a given day, someone else from the Delivery Program Department would be assigned to open and date stamp the correspondence (Id.).

- Lastly, Roller testified that while the Tort Claims Coordinator has authority to settle claims for $5000.00 or less, he may not deny a claim, nor settle a claim for more than that amount - claims for above $5000.00 or that the Tort Claims Coordinator feels should be denied are forwarded to the USPS Legal Department in Saint Louis, Missouri (Id.).

- Delivery Programs Department Clerk Janet Jackson (hereinafter "Jackson") testified that among her job duties is the retrieval, on a daily basis, of mail from the P.O. Box assigned to the Tort Claims Coordinator and distribution of that mail to the Tort Claims Coordinator (Id.).

- Jackson testified that she generally retrieves the mail three times a day from the P.O. Box which is also assigned to receive Postal Service test letters ("test letters" are sent from the Delivery Programs Department

       to different postal branches to verify the timely pick-up and delivery of mail from drop boxes within the greater Cincinnati, Dayton, and Toledo, Ohio areas) (Id.).

- Jackson further testified that she does not recall there being any pick-up or delivery problems of special note from the Milford, Ohio postal branch (Id.).

- Finally, Jackson reported that generally mail deposited at a box at the Milford, Ohio postal branch would be delivered to the Dalton Street office within one day (Id.).

- Sanders testified that his first contact with Wooten was a telephone call late in the afternoon of December 6, 2002 (Id.).

- Sanders reports that he searched the computer system for a file related to Wooten's claim and the alleged accident in Milford, but was unable to locate any reference to the claim (Id.).

- Sanders testified that he agreed to remain at the office that day in order to receive a fax from Wooten and to telephone her upon receipt of the fax (Id.).

- Sanders believed upon receipt of the fax that Wooten's claim was timely filed, however he was not authorized to settle Wooten's demand of $100,000.00 nor did he have the authority to deny the claim. Accordingly, he forwarded Wooten's claim to the Legal Department (Id.).

- Sanders reported that he did work the week of December 2 through 6, 2002, and was not absent on any of those dates (Id.).

- He testified that he did not receive the original of Wooten's completed SF 95 until December 9, 2002 (Id.).

- Wooten testified that she was injured in a slip and fall accident at the Milford, Ohio post office in the morning hours of December 5, 2000 (Id.).

- She did not report the accident directly to anyone at the post office, however, after her accident, a postal employee named Rhonda Marcum told her that the Postmistress of the Milford office at the copying machine at the time of the accident (Id.).

-7-

- Wooten assumed that the Postmistress was aware of her fall (Id.).

- Wooten testified that following the accident she was treated at the University Hospital Emergency Room and, subsequently, sought orthopedic treatment from Dr. Robert Heidt - her medical bills to date total approximately $6000.00 (Id.).

- Wooten testified that a few days after the accident, she called a toll free number for the USPS to report the accident and subsequently received a cover letter dated December 11, 2000, an SF 95, and a self-addressed metered envelope in which to return the completed form (Id.).

- Wooten asserted that on December 2, 2002, she mailed the completed SF 95 using the return envelope provided (Id.). Wooten testified she is certain the form was mailed on that date because she noted it in her planner and in her personal notes (Id.).

- However, at the hearing, Wooten had neither the original planner or notes nor copies thereof to furnish to the Court (Id.)

The Federal Tort Claims Act waives immunity for tort actions against the United States, its agencies and or its officers acting within their official capacities. 28 U.S.C. § 2671 et. seq. The Act specifically requires that a tort action for money damages based on loss of personal property or personal injury may not be maintained "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2678(a). The statute of limitations applicable to the Act provides:

A tort claim against the United Stats shall be

> forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The USPS has established regulations which define and modify the term "presented" as found in the Act (doc. 25). The Regulations state in pertinent part:

> Administrative claim; when presented.
>
> For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Post Service establishments.

39 C.F.R. § 912.5(a). The Regulations further provide:

> A claim is usually filed with the postmaster of the office within the delivery limits of where the accident occurred, but may be filed at any office of the Postal Service, or sent directly to the Assistant General Counsel Claims Division, U.S. Postal Service, Washington, D.C. 20260

39 C.F.R. § 912.4

The Magistrate Judge notes that it is undisputed that Wooten's written claim was not received on or before December

-9-

5, 2002 (doc. 25). As such, concludes the Magistrate Judge, the applicable statute of limitations has run and Wooten's claim should be dismissed (Id.). The Magistrate Judge also notes, pursuant to Rogers v. United States, 675 F.2d 123 (6th Cir. 1982) (per curiam), that a theory of estoppel or equitable tolling is not applicable (doc. 25). Rogers held that a timely filing of a Federal Tort Claims Act claim is a jurisdictional prerequisite for which there are no equitable exceptions. Rogers at 124. The Magistrate Judge finds that based on the testimony at the special evidentiary hearing and the written record before the Court that the facts in this matter are not in dispute (doc. 25). With the burden on Wooten to demonstrate the Court's jurisdiction and the facts as produced at the hearing and in the record before the Court, the Magistrate Judge concludes that the first time the USPS received a completed SF 95 from Wooten was on December 6, 2002 - the date she faxed a copy to Sanders (Id. citing Moir at 269). The Magistrate Judge does note that the standard cover letter sent by the USPS to potential claimants should explicitly state the ways in which a claim may be presented, in accordance with the language of the regulations. See C.F.R. §§ 912.4 & 912.5(a).

**Conclusion**

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation de novo. The Court finds that the Magistrate Judge's Report and Recommendation is well-

reasoned and thorough.  The evidence produced at the evidentiary hearing and the evidence in the record before the Court indicate that Wooten did not meet the filing deadline as required by the applicable statute of limitations.  As such, Wooten's claim is time-barred.  The Court, however, does agree with the Magistrate Judge that the USPS form letter notifying potential claimants of the proper procedures to follow in submitting a SF 95 should be revisited by the USPS to explicitly indicate that dropping the completed form off in person is acceptable.

As such, the Magistrate Judge's Report and Recommendation (doc. 25) is hereby ADOPTED IN ITS ENTIRETY.  The USPS's Motion to Dismiss (doc 10) is GRANTED.  This matter is hereby DISMISSED from the Court's docket.


SO ORDERED.


Dated: June 21, 2005            /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge